## EVANS v. UNITED STATES.
### No. 6204.

Circuit Court of Appeals, Ninth Circuit.

Oct. 13, 1930.

Elton Watkins, of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Livy Stipp, Asst. U. S. Atty., both of Portland, Or.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

This is an action upon a war risk insurance policy issued to William Wallace Evans. The policy had lapsed for nonpayment of premium due June 1, 1920. The action is based on the theory that during the life of the policy the insured became permanently and totally disabled on May 15, 1920, with tuberculosis, and that he died therefrom November 19, 1926. The jury found in favor of the government. The only error complained of by the appellant is the failure of the trial court to give two instructions requested by her to the effect that an ex-service man who is shown to have had, prior to January 1, 1925, a rating of 10 per cent. or more degree of disability, shall be presumed to have acquired his disability in the service of the United States, and said presumption shall be conclusive.

A witness, Dr. Ralph M. Dodson, testified that in February, 1920, or within thirty days thereof, he examined the insured and found definite rales which made him believe William Wallace Evans had active tuberculosis. The witness again examined the insured in February, 1922, and the diagnosis was positive. The witness believed that Evans had active pulmonary tuberculosis when he examined him in February, 1920. The witness also testified that any man with active tuberculosis is totally disabled during the period the disease is active. It was admitted that the insured was totally and permanently disabled in September, 1923, by reason of pulmonary tuberculosis and remained so until his death in 1926.

The bill of exceptions recites that the foregoing was all the medical testimony as to the state of health of William Wallace Evans presented to the jury for its consideration. Assuming, without deciding, that the appellant was entitled to the benefit of the presumption that his disease was of service origin, we are unable to perceive how he was prejudiced by the refusal of the court to give the instruction. The appellant's case did not depend upon the question of the service origin of the disease from which he died, but upon the degree of his disability therefrom. Unless that disability was total and permanent during the life of the policy, the appellant could not recover.

Judgment affirmed.

WEBSTER, District Judge, concurs.